In the Matter of SAMUEL RESNICOFF, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, June 15, 1967.

*John G. Bonomi* of counsel (*Robert F. Condon* with him on the brief), for petitioner.

*Samuel Resnicoff,* respondent in person.

*Per Curiam.* Respondent was admitted to practice in the Second Judicial Department on April 5, 1933.

On June 10, 1964, in the Supreme Court, New York County, respondent pleaded guilty to the crime of misconduct by an attorney, a misdemeanor, in violation of section 273 of the Penal Law of the State of New York. The indictment, to which the plea was taken, charged that respondent in May of 1961 sought to obtain the sum of $500 from a client by falsely representing that the money would be paid to someone in the New York City Fire Department so as to insure the client's appointment as a probationary fireman. The suggestion was not adopted by the client, and he eventually was appointed to the Fire Department.

The record supports the Referee's conclusion that petitioner's charges of professional misconduct have been sustained, and the report of the Referee is in all respects confirmed.

The respondent is 57 years old. He served in the United States Army, September 7, 1942 to December 5, 1945, two years of which were in a combat area in the Southwest Pacific, and was honorably discharged. Numerous character witnesses, 7 of whom are sitting Justices in our courts, and another 12 of whom hold high public office, have testified to respondent's good character and reputation. Indeed, it seems to be true that other than the transgression before us there seems to be no record and no suggestion of any prior misconduct. As was stated by the Referee " Respondent has had a long, active and, until the incident here involved, an unsullied career at the Bar and, as appears from the views expressed by witnesses and in letters, he is highly regarded by both the Bench and his colleagues in the profession for his ability and integrity."

Notwithstanding, the infraction before us was one that violated the high standards of conduct required of attorneys. It was an affront to the integrity and prestige of the Bar. Further, it impugned the Fire Department, and put the city to an unnecessary expense incident to its investigation of the matter reported by respondent's client.

We are therefore in agreement with petitioner that respondent should be severely disciplined. Disciplinary proceedings involving much the same offense have resulted in disbarment. (*Matter of Ruby*, 22 A D 2d 547.) An ameliorative distinction may be made here however, as was made in *Matter of Levy* (22 A D 2d 556), wherein the respondent admitted his wrong and pleaded guilty in the Supreme Court, New York County. Censurable as was respondent's conduct herein, it may commend itself to a disposition dissimilar to *Ruby*. The respondent herein also pleaded guilty in the Supreme Court, New York County, and on the whole, with a contrite spirit, has co-operated with the disciplinary authorities. Contrariwise, in *Ruby*, wherein the respondent persisted in a perverse and fantastic course of prevarication to the Bar Association, to the Grand Jury and to the Referee.

Nor are we unmindful, in meting out a lesser sanction than perhaps the gravity of the offense merits, that we are here considering a single instance of wrongdoing and not a course of conduct; that the respondent has had a prior blameless career, has exhibited deep remorse and has been under this cloud since 1961, the time of his arrest. In view of all the

circumstances, we feel that a suspension for two years would be appropriate.

Respondent should be suspended for two years.

BOTEIN, P. J., CAPOZZOLI, RABIN, McNALLY and McGIVERN, JJ., concur.

Respondent suspended for a period of two years effective July 14, 1967.